UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
GONZALO R.G.,

                              Plaintiff,              DECISION AND ORDER
                                                      1:23-cv-07841-GRJ

            v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

       In November of 2018, Plaintiff Gonzalo R.G.[1] applied for

Supplemental Security Income Benefits under the Social Security Act. The

Commissioner of Social Security denied the application.  Plaintiff,

represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel,

commenced this action seeking judicial review of the Commissioner's

denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties

consented to the jurisdiction of a United States Magistrate Judge. (Docket

No. 11).

       This case was referred to the undersigned on October 8, 2024.

Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on November 8, 2018, alleging disability beginning November 25, 2014. (T at 15, 59, 77).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on September 23, 2019, before ALJ Kevin Kenneally. (T at 37-58).

On October 11, 2019, ALJ Kenneally issued a decision denying the application for benefits. (T at 9-30).  The Appeals Council denied Plaintiff's request for review on July 9, 2020. (T at 1-5).

Plaintiff commenced an action in the United States District Court for the Southern District of New York.  On January 5, 2022, the Honorable Andrew E. Krause, United States Magistrate Judge, approved a stipulation and order remanding the matter for further administrative proceedings. (T at 1073-74).  The Appeals Council entered a Remand Order on May 16, 2022. (T at 1076-81).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

A hearing was held before ALJ Nicholas Walter on June 14, 2023. (T at 1017-1042).  Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 1026-33).  The ALJ also received testimony from Mary Vasisth, a vocational expert. (T at 1033-39).

During the hearing, Plaintiff, through counsel, advised the ALJ that he had returned to work and was requesting a closed period of disability from November 8, 2018 (the application date) through December 31, 2021 (at which point Plaintiff's condition improved and he returned to work). (T at 1024).

B.    ALJ's Decision

On June 30, 2023, ALJ Walter issued a decision denying the application for benefits. (T at 991-1016).  The ALJ found that Plaintiff did not engage in substantial gainful activity between November 8, 2018, and December 31, 2021, but did engage in substantial gainful activity thereafter. (T at 1000).

The ALJ concluded that Plaintiff's asthma, affective disorder, and anxiety disorder were severe impairments as defined under the Social Security Act. (T at 1000).  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically

3

equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 1001).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, as defined in 20 CFR 416.967 (c), with the following limitations: he cannot have concentrated exposure to pulmonary irritants; he can sustain concentration, persistence, and pace for periods of two hours at a time with simple routine tasks; he can have no customer service interaction with the public; he cannot perform jobs that involve working in close coordination with coworkers and is limited to work requiring no more than occasional interaction with coworkers and supervisors; and he can deal with no more than occasional changes in a routine work setting. (T at 1002-1003).

The ALJ found that Plaintiff had no past relevant work. (T at 1008). Considering Plaintiff's age (42 on the application date), education (limited), work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed during the relevant period and through the date of the ALJ's decision. (T at 1008).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between November 8, 2018 (the application date) and June 30, 2023 (the date of the ALJ's decision). (T at 1009-1010).  ALJ Walter's decision is considered the Commissioner's final decision. *See* 20 CFR § 404.984.

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on September 5, 2023. (Docket No. 1).  On February 13, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 14, 15).  The Commissioner interposed a brief opposing the motion and requesting judgment on the pleadings, on April 10, 2024. (Docket No. 18).  On April 24, 2024, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).  The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff contends that the ALJ's RFC determination does not adequately account for the limitations imposed by his mental impairments.  Second, he challenges the ALJ's assessment of his ability to tolerate exposure to pulmonary irritants.  This Court will address both arguments in turn.

A.    *RFC & Mental Impairments*

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).  When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

As noted above, the ALJ found that Plaintiff retained the RFC to meet the mental demands of basic work activity with the following limitations: he can sustain concentration, persistence, and pace for periods of two hours at a time with simple routine tasks; he can have no customer service interaction with the public; he cannot perform jobs that involve working in close coordination with coworkers and is limited to work requiring no more than occasional interaction with coworkers and supervisors; and he can deal with no more than occasional changes in a routine work setting. (T at 1002-1003).

### 1.    Attendance and Attention

Plaintiff argues that the ALJ's RFC analysis does not adequately account for impairment in his ability to maintain attendance and sustain attention.

Dr. A. Chapman, a non-examining State Agency review physician, assessed moderate limitation in Plaintiff's ability to maintain attention and concentration for extended periods and moderate impairment in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (T at 72).  Dr. O. Fassler, another State Agency review physician, made the same assessment. (T at 90).

Dr. Alan Dubro performed a consultative psychiatric evaluation in January of 2019.  He diagnosed specific learning disorder; persistent depressive disorder; major depression (recurrent, severe); generalized anxiety disorder; and unspecific psychotic disorder. (T at 939-40).  Dr. Dubro opined that Plaintiff would have marked limitation in his ability to sustain concentration and perform tasks at a consistent pace and marked impairment as to sustaining an ordinary routine and regular attendance at work. (T at 939).

The ALJ found the opinions of Dr. Chapman and Dr. Fassler "generally persuasive." (T at 1005).  The ALJ deemed Dr. Dubro's

assessment "not persuasive." (T at 1006). The Court finds the ALJ's decision supported by substantial evidence.

An ALJ can appropriately account for moderate mental impairments, including limitations with respect to attendance and attention, through an RFC containing non-exertional limitations like those found by the ALJ here. *See Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases); *see also McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others).

Here, the ALJ's decision to assess moderate, as opposed to marked, impairment in Plaintiff's ability to maintain attendance and sustain attention is supported by the State Agency review physicians' opinions and by a reasonable reading of the record. *See Hussain v. Comm'r of Soc. Sec*., No. 22-CV-03880 (HG), 2023 WL 8189750, at *7 (E.D.N.Y. Nov. 26,

2023)("The ALJ acknowledged how the different medical opinions regarded potential absences and acted within his discretion to resolve the conflicts therein."); *Martinez v. Comm'r of Soc. Sec*., No. 21 CIV. 11054 (SLC), 2023 WL 2707319, at *17 (S.D.N.Y. Mar. 30, 2023)("As discussed above, the ALJ considered the conflicting evidence in the Record regarding Mr. Martinez's ability to stay on task and whether he had any limitations in regular attendance at work. Although Mr. Martinez points to evidence to support a greater restriction than ALJ Banks found, other Record evidence supports the ALJ's determination.").

For example, Dr. Chapman opined that Plaintiff retained the sustained capacity to meet the basic mental demands of competitive, remunerative, unskilled work. (T at 73).  Dr. O. Fassler reached the same conclusion. (T at 92).  The ALJ reviewed the record and noted that mental status examinations during the period at issue generally described Plaintiff as alert and oriented, with appropriate motor activity, good hygiene, normal speech, cooperative behavior, a good ability to understand, coherent thought processes, age-appropriate thought content, fair impulse control, fair insight, and fair judgment. (T at 1004-05; 702, 806, 811, 833, 836-37, 896, 902, 963, 966, 968-69, 972, 974-75, 978, 1267, 1271).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

### 2.    Dr. Fruitman

Plaintiff also argues that the ALJ's RFC determination does not adequately account for assessments provided by Dr. Edward Fruitman, his treating psychiatrist.

In April of 2017, Dr. Fruitman completed a "treating physician's wellness plan report," in which he diagnosed major depressive disorder and

opined that Plaintiff was unable to maintain gainful employment for at least 12 months. (T at 587-88).  In a narrative summary accompanying the report, however, Dr. Fruitman described Plaintiff's functional ability was "good" and reported that he could perform activities of daily living. (T at 589).

Dr. Fruitman completed another wellness plan report in November of 2018, in which he again diagnosed major depressive disorder and opined that Plaintiff was unable to maintain gainful employment for at least 12 months. (T at 950-51). The ALJ found Dr. Fruitman's opinions unpersuasive.  (T at 1006).

For the following reasons the Court finds that the ALJ's assessment must be sustained.

First, the ALJ was not obliged to give any persuasive weight to Dr. Fruitman's opinion that Plaintiff was disabled.  It is well established that "whether [plaintiff] qualifies as disabled under the statute is a decision reserved to the Commissioner." *LaValley v. Colvin*, 672 F. App'x 129, 130 (2d Cir. 2017) (citation and quotation marks omitted); *see also Snell v.*

*Apfel*, 177 F.3d 128, 133-34 (2d Cir. 1999) ("The final question of disability is ... expressly reserved to the Commissioner.").[3]

Second, the ALJ's assessment of moderate mental impairments consistent with the ability to perform a reduced range of unskilled work is supported by substantial evidence, including the State Agency review physicians' assessments and a reasonable reading of the treatment record, as noted above. *See Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *see also DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record

---

[3] Plaintiff also points to an opinion from Dr. Ernst Ducena, who performed an intake examination in April of 2018, in which he noted that Plaintiff was unable to work due to symptoms of posttraumatic stress disorder (including flashbacks of a murder), depression, social anxiety, and lack of focus. (T at 582). However, it is not clear whether Dr. Ducena actually made this assessment, as opposed to documenting Plaintiff's subjective reports and/or noting that the record included Dr. Fruitman's opinion regarding Plaintiff's ability to work. In any event, even if the statement is considered an independent assessment by Dr. Ducena, the ALJ was not obliged to give it persuasive power for the same reasons stated above.

that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test.").

### 3.  Social Impairment

The ALJ found that Plaintiff could have no contact with the public but could have occasional interaction with co-workers and supervisors. (T at 1002-1003).  Plaintiff contends that the ALJ erred by failing to offer a principled reason for precluding interaction with the public but permitting occasional contact with co-workers and supervisors.

The Court finds no error in this aspect of the ALJ's decision.

Dr. Chapman assessed moderate impairment in Plaintiff's ability to interact with others. (T at 66).  Dr. Chapman found no significant limitation as to Plaintiff's ability to interact appropriately with the general public; moderate impairment as to accepting instructions and responding appropriately to criticism from supervisors; and no significant limitation with respect to getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. (T at 72).  Dr. Fassler reached the same assessment. (T at 85, 91).

Although the record documented interpersonal difficulties, Plaintiff stayed with friends, lived with his wife and sister, and was a caretaker for an ill relative. (T at 1002, 1004, 1274, 1282, 1306).  As discussed above,

and as noted by the ALJ, mental status examinations consistently described Plaintiff as cooperative and appropriate. (T at 1005).

The ALJ explained that the additional restriction against contact with the public was incorporated into the RFC determination to account for reports that Plaintiff experienced social withdrawal and trouble being around crowds. (T at 1006).

The fact that the ALJ afforded the benefit of the doubt and found Plaintiff somewhat more limited than the State Agency review consultants determined (in terms of his ability to interact with the public) does not provide a reason for remand. *See generally Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

Moreover, several courts have concluded that moderate, and even marked, limitation in social interaction can be accounted for through an RFC that limits the claimant to no interaction with the public and occasional interaction with co-workers and supervisors.  *See, e.g., Juliana Marie M. v.*

*Comm'r of Soc. Sec.*, No. 1:18-CV-1421 (ATB), 2019 WL 6829044, at *10 (N.D.N.Y. Dec. 13, 2019); *Fiducia v. Comm'r of Soc. Sec.*, No. 1:13-CV-285, 2015 WL 4078192, at *4 (N.D.N.Y. July 2, 2015); *Natrella v. Comm'r of Soc. Sec.*, No. 1:19-CV-01237 (SDA), 2020 WL 1041067, at *6 (S.D.N.Y. Mar. 3, 2020); *Molly C. v. Comm'r of Soc. Sec.*, No. 20-CV-1376S, 2022 WL 1679413, at *5 (W.D.N.Y. May 26, 2022).

        4.    *Math Skills*

Plaintiff argues that the ALJ failed to account for his impairment with respect to the math skills that would be necessary to perform the representative occupations identified by the vocational expert at step five of the sequential determination.

The State Agency review physicians, however, assessed no significant limitation in Plaintiff's ability to understand, remember, and carry out very short and simple instructions. (T at 71-72, 89-90). The record shows that Plaintiff required assistance with managing money, but could shop, follow directions, manage a savings account, count change, calculate the costs associated with caring for a support animal, and use public transportation. (T at 73, 92, 380, 744, 939). For these reasons the Court finds no reversible error as to this aspect of the ALJ's decision.

### B.    Pulmonary Irritants

The ALJ found that Plaintiff needed to avoid concentrated exposure to pulmonary irritants. (T at 1002).  Plaintiff contends that this aspect of the ALJ's decision is not supported by substantial evidence.

The ALJ, however, thoroughly reviewed Plaintiff's asthma history and discussed the treatment record, which disclosed mild intermittent symptoms, generally well-managed with medication. (T at 1005).  Dr. Ann Marie Finegan performed a consultative examination in January of 2019 and opined that Plaintiff should not be exposed to fumes and other respiratory irritants. (T at 946).  The ALJ found this aspect of Dr. Finegan's opinion partially persuasive given Plaintiff's history of asthma. (T at 1007).

Dr. A. Vinluan, a non-examining State Agency review physician, opined that Plaintiff should avoid concentrated exposure to respiratory irritants. (T at 71).  Dr. Putcha, another State Agency review physician, reached the same conclusion. (T at 89).  Although the ALJ did not expressly address this aspect of the State Agency review physicians' opinions and found their overall assessments not persuasive (T at 1006-1007), the physicians' opinions regarding the extent of Plaintiff's environmental limitation nevertheless provide support for the ALJ's ultimate conclusion.

The Court, therefore, finds no reversible error as to this aspect of the ALJ's decision. *See Paul W. H. v. Comm'r of Soc. Sec*., No. 6:20-CV-6858 (WBC), 2022 WL 1913281, at *5 (W.D.N.Y. June 3, 2022)(ALJ reasonably concluded that claimant could occasionally tolerate environmental irritants based on medical opinion evidence and claimant's activities of daily living); *see also Sally W. on behalf of Catherine S. v. Saul,* No. 5-19-CV0993-GTS-ML, 2020 WL 6465446, at *5 n.1 (N.D.N.Y. Sept. 25, 2020).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 141) is DENIED; judgment is GRANTED in favor of the Commissioner; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.


Dated: October 21, 2024                    *s / Gary R. Jones*
                                           GARY R. JONES
                                           United States Magistrate Judge